IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SYLVESTER G. HOLLAND, JR.,

               Plaintiff,

v.                                     CIV 10-00556 WJ/KBM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               Defendant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") *(Doc. 3)*, and Plaintiff's motion requesting appointment of counsel *(Doc. 4)*.  Plaintiff filed his *pro se* Complaint against the Social Security Administration on June 8, 2010.  *Doc. 1.* Having considered the motions, the Complaint, the relevant authorities, and being otherwise fully advised, I recommend that Plaintiff's Motion to Proceed IFP be denied, Plaintiff's motion requesting appointment of counsel be denied as moot, and that the case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 1915(a), "a district court 'may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses, that the person is unable to pay such fees or give security therefor.'"  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citation omitted).

        "Notwithstanding any filing fee," the court must "dismiss the case at
        any time if the court determines that . . . the allegation of poverty is

untrue" or that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted;" or makes a claim for monetary relief from an immune party.

*Id.* (citing § 1915(e)(2)(B)).  Sections 1915(a) and (e) apply "to all persons applying for IFP status, and not just to prisoners."  *Id.* (citation omitted).  The United States Supreme Court has held that IFP should be granted only if a plaintiff "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  "In deciding whether to grant IFP status it is appropriate to consider plaintiff's income, the regularity of that income, his savings, as well as his financial obligations."  *Curiale v. Graham*, 124 F.3d 216 (10th Cir. 1997) (unpublished table decision).  Moreover, failure to properly fill out the forms and "provide this court with sufficient information from which the court can ascertain [one's] financial status," is grounds to deny a motion to proceed IFP.  *Lister*, 408 F.3d at 1313.

Plaintiff, who is single with no dependents, indicates that he has a total monthly net income of $1,446.  *Doc. 3*.  Plaintiff has monthly expenses of $369 for rent, $100 for utilities, $65 for car insurance, $140 for his telephone bill, various other payments toward credit card debts, and three life insurance policies.  *Id.*  Plaintiff indicates his total monthly payments, including the above and food, amount to $1,320.11.  *Id.*  Plaintiff also owns three cars and states that he has cash in both a bank and savings and loan association, but does not indicate how much.  At this juncture, it appears that Plaintiff has sufficient funds to pay both for the necessities of life and for filing those lawsuits that he deems important.

Plaintiff next requests that the Court appoint counsel.  The Tenth Circuit has previously held that "the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment."  *Parker v. Bruce*, 109 F. App'x 317, 321 (10th Cir. 2004) (quoting *MacCuish v.*

*United States*, 844 F.2d 733, 735 (10th Cir.1988) (internal quotation marks and citation omitted)).  "28 U.S.C. § 1915(e)(1) permits a district court to appoint counsel only if it deems it appropriate."  *Avery v. Anderson*, 94 F. App'x 735, 739 (10th Cir. 2004) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

Plaintiff makes no assertion that he has even attempted to secure the services of an attorney pro bono.  Nonetheless, because the Court finds that Plaintiff has failed to sufficiently demonstrate an inability to pay the required filing fees, this Complaint should be dismissed without prejudice and the motion to appoint counsel is therefore, moot.  *See* 28 U.S.C. 1915 § (e)(2)(A); *see also Lemons v. K.C. Mo. Police*, 158 F. App'x 159, 160 (10th Cir. 2005).

Moreover, even if Plaintiff had established indigency, it appears from his bare bones allegations, that this Court does not have jurisdiction.

> Federal courts have jurisdiction to review a "final decision" of the Commissioner, as that term is defined by SSA regulations. 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  These regulations provide that a "final decision" is only rendered after an initial determination has been made, and a claimant has requested reconsideration of that determination, a hearing by an ALJ, and a hearing by the SSA Appeals Council.  20 C.F.R. § 404.900(a).

*Velsor v. Astrue*, No. 04 Civ. 10009, 2009 WL 1270229, at *1 (S.D.N.Y. May 6, 2009); *see also Griffin v. Astrue*, 300 F. App'x 615, 616 (10th Cir. 2008).

From Plaintiff's filings, it is clear that ten years ago he was injured on the job and received workers' compensation benefits.  Now before the Court in 2010, Plaintiff states, "I do not understand why I have to pay back money when I got injured on the job at K-mart.  My Workers Compensation should had not [sic] been stopped."  *Doc. 1* at 2.  Plaintiff indicated on his IFP application that he is receiving social security.  It appears that Plaintiff may have been overcompensated while receiving both social security and workers' compensation benefits.  And

consequently, Plaintiff now owes the money back.  Thus, construing Plaintiff's Complaint liberally, he appears to be challenging the offset of his benefits.

In his Complaint, Plaintiff refers to "the words and writing of the Administrative Law Judge," thus, leading me to surmise that an initial determination was made, Plaintiff requested reconsideration of that determination, and Plaintiff has had a hearing before an ALJ.[1]  In fact, as best I can tell, the ALJ found in favor of Plaintiff.  I cannot determine, however, whether this hearing was in regards to an initial disability determination with social security or if it was regarding the issue of an offset in benefits.  Despite my conjectures, I have been provided with no evidence of a "final decision" of the Commissioner.  Plaintiff has failed to exhaust his administrative remedies.  Accordingly, this Court does not have jurisdiction.

To the extent that Plaintiff is challenging the fact that he no longer receives workers' compensation benefits, or that he owes money to someone other than the Social Security Administration, this is not an issue for social security but rather a state law matter.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Lewis v. Center Market*, 2010 WL 1948881, *3 (10th Cir. 2010) (citing *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009).

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Proceed IFP be **denied**, Plaintiff's motion requesting appointment of counsel be **denied as moot**, and that this case be dismissed without prejudice.

---

[1] "The prior state agency Assessment did not contain specific reasons for finding the claimant's complaints of pain were not credible.  Further, a report from Dr. Pacheco was consistent with a limited range of sedentary work. The claimant's complaints are sufficiently documented by medical evidence to restrict from prolonged walking, standing, or sitting, and lifting more than 10 pounds."  *Doc. 1* at 2.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

UNITED STATES MAGISTRATE JUDGE

5